Nichols vs. Brabazon.

Nichols, Respondent, vs. Brabazon, Appellant.

*November 25 — December 15, 1896.*

*Assault and battery: Personal injuries: Damages: Future suffering: Instructions: Evidence: Punitory damages: Experts.*

| 94 | 549 |
|----|-----|
| 95 | 256 |
| 94 | 549 |
| 106 | 19 |
| 106 | 306 |

| 94 | 552 |
| 59 LRA | 935 |
| 59 LRA | 937 |

1. In an action to recover damages for an assault and battery, any testimony which tends, in some appreciable degree, to show that damage from the effects of the injury will be suffered in the future, is admissible, but, in order to warrant a recovery therefor, such damage must be established to a reasonable certainty.
2. An instruction in such a case that the plaintiff is entitled to recover for "such bodily pain and suffering as the evidence shows she will endure in the future" by reason of the injuries received, and "for mental suffering in the future, if any, by reason of such physical impairment, if you find that the evidence shows that there will be physical impairment in the future," is *held* clearly to imply that such damage must be established to a reasonable certainty, and, in the absence of a request for a more definite instruction, was not erroneous as opening a field of speculation.

Nichols vs. Brabazon.

3. The evidence of the defendant that "she [plaintiff] kicked me, and I struck her " is *held* sufficient to sustain a finding of the jury to the effect that the injury had been inflicted from ill will and vindictiveness. An award of punitory damages was therefore proper.

4. Where the defendant's own statement showed that the plaintiff (a woman) kicked him and he returned the kick with a blow, it was not error for the court to refuse to instruct that unless defendant used more force than was necessary to defend himself he was not liable.

5. Where there was evidence going to show that plaintiff exercised her injured limbs, and no evidence to the contrary, it was not error to exclude the evidence of experts as to whether the failure on plaintiff's part to properly exercise them might not have been the cause of the permanency of her injuries.

APPEAL from a judgment of the circuit court for Walworth county: FRANK M. FISH, Circuit Judge. *Affirmed.*

This is a civil action for damages for an assault and battery. The parties were related by marriage, and, so far as disclosed, bore amicable relations until the time of the transaction out of which the action arose. They met casually at the house of a neighbor, who was also related to both parties, when a misunderstanding arose out of some apparently trivial conversation. The plaintiff's version, in brief, is: "He told me to shut my ——— head. I says, 'I wont.' He drew his right hand up over his shoulder. As he drew up his hand to slap me, I drew up my foot, and, as he slapped me, I kicked him. He hit me over my right eye. I don't know what took place after he hit me." The defendant's version is: "I told her to keep still. She said, 'I will kick your ———.' With that she drew off and kicked me, and I slapped her with the back of my hand." "She looked at me a moment as if she was going to strike again, and with that she kind of tumbled over towards the stove." The defendant at once tried to help her up, and said that he was very sorry. The result was that the plaintiff was a long time disabled in one leg and one arm, and had not recovered the full use of either at the time of the trial. She had ver-

dict for $400, and judgment on the verdict. From that judgment the defendant appeals.

For the appellant there was a brief by *C. B. Sumner* and *Ryan & Merton*, and oral argument by *E. Merton*.

*D. B. Barnes*, for the respondent.

NEWMAN, J. 1. The appellant complains that expert witnesses were permitted, against objection, to answer this question: "Will you state, Doctor, what the probabilities are for *Mrs. Nichols* to recover from this injury?" The ground of appellant's objection, as stated by him, is: "That it was not a question of probabilities as to permanent injuries, but of reasonable certainty." Certainly, the effect of the whole testimony must be to establish a reasonable certainty that the effects of the injury will be suffered in the future. That is well settled. But there is a clear distinction to be observed between the competency of testimony to be received, and its sufficiency, when received, to establish the ultimate fact to which the proofs are directed. On such questions as are not subject of absolute proof, the testimony should exhibit the nature and strength of the probability. It is then for the jury to determine whether it amounts to proof of the ultimate fact, to a reasonable certainty. Testimony which tends, in some appreciable degree, to establish the ultimate fact, is competent to be received, even if, in the end, it should be found insufficient to fully establish it. *Block v. Milwaukee St. R. Co.* 89 Wis. 371. The rule must be practicable. No doubt it may often be a matter of considerable difficulty to satisfactorily define the line which divides between a strong probability and a reasonable certainty. The admission of the testimony was no error.

2. The experts agreed in opinion, in effect, that it would be at least a long time before the plaintiff would recover the full, natural use of either injured limb. On the subject

of the amount of damages the court charged the jury that, if the plaintiff is entitled to recover at all, she "is entitled to such sum as will fully compensate her for all bodily pain and suffering which she has endured in the past by reason of the injuries received, and for such bodily pain and suffering as the evidence shows she will endure in the future. She is also entitled to recover for such mental suffering as she has endured in the past by reason of the insult, wrong, and indignity upon her, if any, and by reason of her consequent physical impairment, and for mental suffering in the future, if any, by reason of such physical impairment, if you find that the evidence shows that there will be physical impairment in the future." The appellant complains of this charge, that it "opens a field of speculation." There is, of course, some element of truth in his complaint. It is true that the law has no standard or gauge by which to make precise measurement or estimation of such damages. Being projected into the future, their exact extent and measure cannot be accurately foreseen. In the nature of the case, there enters into the estimation of such damages some element of speculation. But it is too well established, by a long line of decisions in this state and elsewhere, that such damages are nevertheless recoverable in a proper case, to be now questioned. A proper case is made where it is established to a reasonable certainty that damages will be endured in the future. On this point the instructions are: "Such [damages] as the evidence shows she will suffer in the future;" and, "If you find that the evidence shows that there will be physical impairment in the future." This is apparently equivalent to saying: "If the evidence establishes that she will suffer damages in the future, she may recover such damages in this action." True, it does not say that the fact must be established to a reasonable certainty. But that is clearly implied. If the appellant desired fuller or more definite instructions on that point he should have

asked for them. There was no error in this feature of the charge. Mental suffering on account of disfigurement of the person, or impairment of the use and symmetry of the limbs, have often been held to be elements proper to be considered in assessing the amount of compensatory damages for personal injuries. Sedgwick, Dam. (8th ed.), § 47, subd. 6; *Sherwood v. C. & W. M. R. Co.* 82 Mich. 374, 383; *Heddles v. C. & N. W. R. Co.* 77 Wis. 228, 230, 231, and cases cited.

3. The appellant requested the court to charge that this "was not a case where punitory damages could be allowed." The court refused to so charge, but, on the contrary, charged, in effect, that this was a case where such damages could be allowed; that if they found that the appellant "was actuated by hatred or ill will towards the plaintiff, and that the assault, if any, was malicious, you may award the plaintiff such damages as, under the evidence, you think proper, by way of punishment to him for the assault." Punitory damages have been allowed in this state from a very early day, in cases where the injury was inflicted under circumstances of aggravation, insult, or cruelty, with vindictiveness or malice. *McWilliams v. Bragg,* 3 Wis. 424. Certainly; there was evidence from which the jury might reasonably have found this injury to have been inflicted from ill will and vindictiveness. The appellant's own testimony is sufficient to show this. His version of the matter is, "She kicked me, and I struck her." The blow was in retaliation for the kick. It was a vindictive blow, not necessary for his protection from any threatened or impending injury from her, but purely from vindictiveness. His profession of sorrow immediately afterwards did neither undo the wrong nor atone for it. It was not necessary, in order to warrant exemplary damages, that the blow should come from ill will or vindictiveness, long harbored; and the present provocation was apparently too inconsequential to fully account for it as a sudden outburst of excusable passion.

4. The appellant asked the court to instruct the jury that, unless he used more force than was necessary to defend himself, he was not liable. This really seems absurd. No evidence tends, even, to show that he was at any time in danger of injury by the plaintiff. On his own statement she (a woman) kicked him, and he returned the kick with a blow. He thought for an instant that she meant to strike him again, but instead of that she fell over upon the floor. It could never have appeared to him to be necessary to strike the woman in order to defend himself from any danger with which she menaced him. He was entitled to no such instruction.

5. The court overruled appellant's questions to the experts, by which he sought to show that a failure of the respondent to properly exercise her limbs might have been the cause of the permanency of her injuries. This was no error. There was no evidence to show that there was a want of proper exercise, and some affirmative evidence went to show that there was such exercise. So, this expert evidence was immaterial, if obtained. No reversible error is discovered.

*By the Court.*— The judgment of the circuit court is affirmed.