LAMB, Respondent, vs. STONE and others, Appellants.

*January 18 — February 2, 1897.*

*Arrest by game warden: Assault and battery: Damages: Evidence.*

1. In an action for assault and battery and false imprisonment, against a game warden who arrested the plaintiff without a warrant, charging him with a violation of the laws for the protection of game, where the issue was whether the shooting of ducks was done in the nighttime, the mere fact that the plaintiff was committing a purely technical trespass by floating in the early morning over the submerged lands of a third party cannot be deemed a sufficient provocation to mitigate the damages for an assault and battery by such warden in making the arrest, and therefore evidence of possession of the premises by the owner, and of the posting of notices warning against trespasses, is irrelevant and not admissible.

2. In such an action, where there is some evidence of violence on the part of the officer, a charge that punitive damages may be given for an assault and battery made with circumstances of aggravation or cruelty, with vindictiveness or malice, is not erroneous.

APPEAL from a judgment of the county court of Fond du Lac county: A. E. RICHTER, Judge. *Affirmed.*

Action for assault and battery and false imprisonment.

On the 1st day of September, 1893, in the early morning, the plaintiff was discovered by the defendants, in a boat floating upon the waters of an expansion of Rock river, in what is known as "Horicon Marsh." They supposed he was there for the purpose of shooting wild ducks. The defendants, one of them being a deputy game warden, at once arrested him, as they stated at the time, for violating the game laws by "shooting in the nighttime." They disarmed him of his fowling piece with some violence, and, after a brief detention, let him go. He brings this action for damages, as for an assault and battery and false imprisonment. The defendants answer by a general denial, and allege that they, "being at the time deputy game wardens, and acting as

Lamb vs. Stone and others.

such in the preservation of the game of the state, arrested
the plaintiff for violating the laws by shooting in the night-
time." There was a verdict for the plaintiff for $100. From
judgment on that verdict this appeal is taken.

The cause was submitted for the appellants on the brief
of *Malone & Bachhuber* and *F. M. Lawrence*, and for the
respondent on that of *C. E. Hooker*.

Counsel for the appellants contended that the defendant
*Klieforth*, as game warden, had a right to arrest the plaint-
iff without a warrant when he saw him in the actual viola-
tion of the game laws, also to call others to his assistance.
*Keenan v. State*, 8 Wis. 132, 136; ch. 436, Laws of 1891; 1
Am. & Eng. Ency. of Law, 734. He also had a right to order
off the plaintiff and to use force. *Lyon v. Fairbank*, 79 Wis.
455; *Harvey v. Brydges*, 14 Mees. & W. 442. Upon the ques-
tion of damages evidence of notice not to trespass was com-
petent, as showing provocation. *Morely v. Dunbar*, 24 Wis.
183, 187; *Hoffman v. Eppers*, 41 id. 251; *Wilson v. Young*,
31 id. 574.

NEWMAN, J. The answer in effect admits the arrest of the
plaintiff by the defendants, and justifies it on the ground
that they had detected the plaintiff in the act of violating
the laws for the protection of game "by shooting in the
nighttime." The issue made by the answer was whether
the plaintiff was, at the time of the arrest, violating the law
by shooting in the nighttime. He admits that he had secured
two ducks that morning. The issue was narrowed, on the
trial, to the question whether it was in the nighttime. If it
was in fact in the nighttime, he might be lawfully arrested
by them; otherwise, not. The issue was a narrow one. The
evidence must be confined to the issue. It was irrelevant to
this issue whether there were notices to warn against tres-
passing, as well as whether the plaintiff was, in law, tech-
nically a trespasser; nor could so purely technical and

Lamb vs. Stone and others.

·constructive a trespass as floating in a boat over the lands of third parties, which were under the water, be such a prov-·ocation as should legitimately mitigate the damages of a real assault and battery. So the trial court did not err in ·excluding evidence relating to such matters. Whether the ·owners of the land, or their agents, might remove the plaint-iff, using no more force than was necessary, was a question ·not involved, for no such defense was pleaded. Special in-·structions, relating to such unpleaded defense, were rightly ·refused.

The court gave instructions which covered the issue made by the pleadings and evidence fully, clearly, and satisfac-·torily. They were, in effect, that if the plaintiff was found ·by the defendants, shooting ducks in the nighttime, the de-fendants were justified in arresting him; otherwise, not. ·That covered the whole issue. What it would be lawful to do in a case of merely technical trespass was not involved. Arrest without a warrant, for a felony, may be justified ·upon reasonable grounds of belief; not so for a mere tres-pass or misdemeanor, except when so provided by statute. ·The court instructed the jury that, if they should find that the assault and battery was inflicted "under circumstances of aggravation or cruelty, with vindictiveness·or malice," ·they might "award exemplary damages by way of punish-·ment to the defendants." This was right. *Nichols v. Bra-·bazon*, 94 Wis. 549. The verdict is not so large as to require ·it to be set aside as excessive.

*By the Court.*— The judgment of the county court of Fond ·du Lac county is affirmed.