## LOUIS G. JOHNSON v. JAMES FORRESTAL and Another.[1]

October 18, 1912.

Nos. 17,598—(20).

**Personal injury — recovery for mental anguish.**

In this, an action to recover damages for personal injuries, it is *held:*

1. There was no reversible error in the instruction to the jury, the giving of which is assigned as error.

[1] Reported in 137 N. W. 1095.

---

Note.—For mental suffering arising from contemplation of disfigurement or mutilation as element of damages for personal injuries, see note in 15 L.R.A. (N.S.) 775.

2. Conceding, but not deciding, that there can be no recovery in a personal injury case for mental anguish or humiliation arising solely from a deformity or disfigurement that is not discoverable except when the person is exposed, it is *held* that this question is not raised by an exception, after the jury retires, to an instruction that the "permanent deformity" suffered by plaintiff was proper to be considered.

3. The damages are not excessive.

Action to recover $10,090 for personal injuries, tried in the district court for Ramsey county. The facts are stated in the opinion. The complaint alleged that plaintiff's injuries were directly caused by the negligence of defendants in permitting the feed water pipe to be and remain improperly and insecurely attached to the boiler. The answer denied that the escape of steam from the boiler and injury to plaintiff were caused by negligence on the part of defendants, or from any defect in the boiler and piping of which defendants were aware or could, in the exercise of reasonable diligence, have ascertained. The case was tried before Olin B. Lewis, J., and a jury which returned a verdict in favor of plaintiff for $2,900. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*Morton Barrows,* for appellants.

*Samuel A. Anderson* and *A. F. Storey,* for respondent.

BUNN, J.

This is a personal injury case in which plaintiff recovered a verdict for $2,900. Defendant appealed from an order refusing a new trial.

Defendant concedes that the case was for the jury and that the evidence justifies a verdict for plaintiff, but urges errors in the charge and excessive damages.

Plaintiff, a young man of twenty-two, was working for defendants as fireman upon a dredge and was very severely scalded while attempting to make an adjustment of one of the parts attached to the boiler used to operate the engine. In a hole in the side of the boiler, the walls of which were threaded, a "reducer" was screwed; into this reducer was screwed a pipe about a foot long, at the outer

end of which was a valve, and an "injector" coupled to the pipe. It became necessary to remove the injector and substitute another, while the boiler was in use. In doing this work the reducer came out of the boiler, allowing steam and hot water to be blown from the boiler, seriously scalding plaintiff. The contested issue on the trial was as to whether the reducer came out because it had not been screwed into the boiler plate so as to engage all the threads or a sufficient number to make the connection reasonably safe, as claimed by plaintiff, or whether the accident was due to a latent defect in the reducer, as contended by defendant.

Counsel for defendant, while admitting that the evidence on this issue made a clean question for the jury, and while expressing his "hearty accord with the attitude of this court upon the question of granting new trials for breaches of technical rules in the admission of testimony or in the instruction of juries," insists that there were errors in the charge in the case at bar of a nature to make it appear reasonably probable that an injustice has been done. If counsel is right in his estimate of the character of these errors, his conclusion that a new trial should be granted is sound. But we are not impressed with the serious nature of the errors, or rather inaccuracies, pointed out. The charge as a whole was clear and fair. We fail to perceive how the jury could have misunderstood the issue. We have carefully considered each portion of the charge assigned as error, and the charge as a whole, but consider it unnecessary to particularly mention but one matter. As to the others, while there are some inaccuracies, we find no reason for not applying the salutary rule of this court so approved by the able counsel for defendant.

The matter alluded to as meriting special consideration is the giving of the following instruction on the question of damages. "It is proper for you to consider *the permanent deformity* which the plaintiff has suffered, as appears from the undisputed evidence in the case, and its character and extent."

The position of defendant is that damages for mental anguish or humiliation, resulting solely from the disfigurement of the person, are not recoverable because such mental anguish is considered a sentimental state of mind and too remote from the original injury to

constitute an element of damages. This question is not ruled either way by any decision of this court, and the authorities elsewhere are in conflict. It is true that plaintiff's deformity or disfigurement was not visible when he was clothed, and the question under such circumstances is not free from doubt. But we think that this question is not properly before us on this appeal. In the first place it requires an effort to construe the instruction quoted as defendant construed it. The court did not directly say that the jury could consider mental anguish, distress of mind or humiliation resulting from the disfigurement, but simply said that it was proper to consider the *permanent deformity of plaintiff*. When analyzed, it is probable that this can mean nothing but mental suffering, resulting from the deformity, but it does not seem likely that it would be so understood by the jury, especially in view of the absence in the record of any attempt to show such mental suffering. If counsel was apprehensive that it might lead the jury to consider and allow damages for mental distress, it was his duty to call the attention of the court to the point and give an opportunity for a more explicit instruction. Instead of this, no request was presented, and no exception taken to the instruction given until after the jury retired. We hold, under the circumstances, that the question argued by counsel in his brief, is not fairly presented by the record, and that there was no error in the instruction that defendant can take advantage of here, conceding that damages for mental suffering arising from a disfigurement of the person that is not discoverable save when the person is voluntarily exposed, are not recoverable. This question we do not decide.

It is urged that the damages awarded, $2,900, are excessive. Plaintiff's injuries were serious and undoubtedly extremely painful, and the evidence warranted a finding that he would suffer pain in the future. It is true that his condition at the time of the trial was such that any allowance for diminution of earning capacity for the future was not justified. But considering the loss of wages before the trial, the character and extent of the injuries, and the pain, we are not prepared to say that the sum awarded is so excessive as to justify our interference after the trial court has approved it.

Order affirmed.