## FRED R. BECK v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

April 24, 1914.

Nos. 18,265—(47).[2]

**Railway premises — measure of care due from defendant.**

Plaintiff stepped on a nail protruding from a board that was in a passageway on defendant's right of way that led to the entrance of its stockyards. It is *held:*

(1) Whether defendant was negligent was a question for the jury.

(2) Plaintiff was rightfully in the passageway for the purpose of entering the stockyards to load his stock into a car for shipment. The fact that he had been called away to secure his team, and was injured while returning, does not affect the measure of care owed him by defendant.

Action in the district court for Freeborn county to recover $20,000 for the loss of plaintiff's foot by amputation. The facts are stated in the opinion. The answer alleged that, if plaintiff sustained any injury, it was by reason of his own acts and want of due care. The case was tried before Kingsley, J., who at the close of plaintiff's case dismissed the action without prejudice, upon defendant's motion. From an order granting a new trial, defendant appealed. Affirmed.

*Henry A. Morgan, F. W. Root* and *Nelson J. Wilcox,* for appellant.

*Dunn & Carlson* and *McCoy & McCoy,* for respondent.

BUNN, J.

This action was to recover damages for personal injuries sustained by plaintiff by reason of alleged negligence on the part of defendant.

[1] Reported in 146 N. W. 1092.     [2] April, 1914, term calendar.

At the close of plaintiff's case the trial court, on motion of defendant, dismissed the action. It afterwards granted a new trial, and this appeal is from that order.

If there was evidence to make the question of defendant's liability one for the jury, a new trial was rightly granted. The facts, briefly stated, are as follows: Plaintiff is a farmer living near the station of Highland, Iowa, on defendant's line. On the morning of June 27, 1911, he drove a lot of hogs to the station preparatory to shipping them in a car which the station agent, pursuant to plaintiff's order, had provided. Plaintiff put the hogs in pens in defendant's stockyards. The car was spotted on a sidetrack opposite a runway leading from the yards to the track. The train was to leave about 3:30 in the afternoon. An hour before this time plaintiff drove to the stockyards with a team and wagon, hauling feed for the hogs. After unloading, he hitched the team to a corn crib across an open space from the stockyards, and went to the station, where he remained until notified by the agent that he had better load the hogs. He then went to the yards and began the work of getting the hogs into the car, the agent assisting. While so engaged, plaintiff was informed that his team needed attention and went out of a gate and across to where it was hitched. After securing the team, he started back to the stockyards to finish the loading. He used a roadway to a point opposite the gate, and when he was near the gate stepped on a nail that was protruding from a board and received an injury which subsequently made necessary the amputation of his leg below the knee. The board was in a pathway generally used as a means of ingress to and egress from the stockyards, and was covered with straw. It was on the right of way of defendant and within 8 feet of the gate. There was evidence tending to show that this board came from a corn crib on the right of way that had been torn down several months before, and that since then the premises, including the passageways, had been more or less littered up with such refuse.

It was clearly a question for the jury whether it was negligence for defendant to permit pieces of board with protruding nails in passageways customarily used by its patrons in going to and from the stockyards.

125 M.—17.

It is claimed that at the time of his injury plaintiff was engaged in an enterprise of his own, and was therefore either a trespasser or a bare licensee.   This claim is based on the premise that plaintiff was injured while returning from attending to his team.   We think that the episode of the team was but an incident, in no sense the cause of the accident and that it did not affect the measure of care that defendant owed him.   Plaintiff was rightfully on the premises; the passageway was provided for his use and the use of defendant's other patrons.   The mere fact that his presence at the point of danger was due to his being called to attend to his team is of no more consequence than if he had been injured while coming to the yards from the station, or from the point where he left his team after first hitching it, or from anywhere else.

We conclude that the case was one for the jury, and that the court rightly granted a new trial.

Order affirmed.