Hutchinson, Respondent, vs. City of Oshkosh, Appellant.

*November 19—December 8, 1914.*

*Municipal corporations: Injury from defect in sidewalk: Effect of itemizing claim: Elements of damage: Mental suffering: Loss of business: Excessive damages: Married women.*

1. Whether the itemizing of damages in a claim filed against a city for a personal injury, and in the complaint filed in the circuit court on appeal, has the effect to limit the amount recoverable for any one element of damage to the sum specified therefor in the itemized claim, not decided.

2. Even if the itemizing of the claim has such effect, the element of mental suffering or chagrin on account of a deformity resulting from the injury is not included in a specified item of damages by reason of inability to carry on .plaintiff's business; and for such element a substantial sum may in a proper case be allowed.

3.. For damages by reason of the inability of plaintiff (a married woman forty years old) to carry on her established dressmaking business from which her net earnings had been about $1 per day, because of a permanent injury and impairment of her right leg resulting from a fall on a defective sidewalk, and for the element of mental suffering or chagrin on account of deformity and disfigurement resulting from the injury, an award of $4,000 in this case is *held* not excessive.

4. A married woman who carries on a separate business in her own name can recover in her own name damages for any injury to her earning power in that business.

Appeal from a judgment of the circuit court for Winnebago county: Geo. W. Burnell, Circuit Judge. *Affirmed.*

This is an appeal from a judgment recovered against the city of *Oshkosh* on account of injuries received by the plaintiff, a married woman, as the result of a fall upon a defective sidewalk in said city.

It appears by the evidence that in her verified claim filed with the city clerk the plaintiff itemized her damages as follows:

To doctors' bills, past and future, medicines, etc........... $250 00
To loss of services in following her occupation and attending to business as dressmaker from date of injury to presentation of this claim................................. 600 00

To future loss of services in said business, because of per-
    manent injury .........................................$2,000 00
To pain and suffering, past, present and future, because of
    injuries sustained.....................................  1,000 00
To present and future disfigurement, impairment, and disa-
    bility of injured limb................................  2,000 00

$5,850 00

This claim having been disallowed by the city council, the plaintiff appealed from such disallowance to the circuit court, where a formal complaint was filed in which she also claimed $5,850 damages, made up as follows:

Medical attendance and nursing.........................  $250 00
Past and future loss in her business....................  2,600 00
Damage resulting from the deformity, disfigurement, short-
    ening, permanent injury, and impairment of her leg......  2,000 00
Pain and suffering, past and future......................  1,000 00

$5,850 00

The court charged the jury that they were not to allow anything for medical attendance or nursing, but that they should award the plaintiff, if entitled to recover, reasonable compensation for her pain and suffering at the time of the accident and up to the time of the trial; also compensation for the pain and suffering which she is reasonably certain to suffer in the future; also compensation for her loss of time and earnings resulting from the injury in the dressmaking business in the past and which she is reasonably certain to suffer therefrom in the future. The court further charged that no definite rule could be given for the measurement of damages, but they should be such as would reasonably compensate the plaintiff for the physical and mental pain endured in consequence of the injury.

The jury returned a verdict for the plaintiff and assessed her damages at the gross sum of $5,000.

*R. A. Hollister,* for the appellant.

For the respondent there was a brief by *John W. Hume* and *John F. Kluwin,* and oral argument by *Mr. Kluwin.*

WINSLOW, C. J. The only contention made by the appellant is that the damages allowed are excessive. The argument is that by itemizing her claims for damages in her claim filed with the city clerk and in her complaint the plaintiff has limited herself to the amounts so claimed, *i. e.* that she can recover no more than $1,000 for pain and suffering, and consequently that, if the verdict be sustained, she in fact recovers $4,000 for damages resulting from inability to carry on her business, which sum is said to be grossly excessive.

Conceding, without deciding, that the appellant's contention as to the effect of the itemizing of the claim is sound, we are not able to agree with the conclusion that the damages must be held excessive. It appears with sufficient certainty from the evidence that the plaintiff, though married, had carried on for some years a dressmaking business of her own in a shop separate from her home, from which she realized net earnings of about a dollar a day through the year, and that since the injury she has not been able to carry on the business; that her injury was a severe wrench of the right foot and ankle, which after months of treatment resulted in a permanent fixation of the ankle joint and of the large tendon on the back of the leg, accompanied by a permanent bending back of the toes, making it impossible for her to operate a sewing machine with that foot, as well as impossible to wear an ordinary shoe or to walk normally. The evidence that this is a permanent condition without probability or even possibility of material improvement is ample.

Now if it be granted that the jury could only allow $1,000 for physical pain and suffering, past and present, and hence that it must be considered that $4,000 was allowed for the other items of damage claimed in the complaint, we still do not think this sum must be condemned as excessive. These items were, $2,600 for damages by reason of the inability to carry on her business, and $2,000 for the deformity, disfigure-

ment, permanent injury, and impairment of the limb. So far as "permanent injury and impairment" included in this latter item is concerned, that element is probably legally included in the item of damages by reason of inability to carry on her business, but the element of mental suffering or chagrin on account of her deformity (and this is what we understand the item to cover) is certainly not so included, and this constitutes a well known element of damage in such cases. *Heddles v. C. & N. W. R. Co.* 77 Wis. 228, 46 N. W. 115; *Nichols v. Brabazon,* 94 Wis. 549, 69 N. W. 342.

In order to sustain the verdict it must be assumed that the jury considered, as they properly might, this element of damage and allowed a substantial sum therefor. This would reduce to that extent the amount allowed for the element of loss of earnings, past and future, by reason of her inability to conduct her separate business. In this view of the case we find it quite impossible to say that the damages were excessive. Her business was established and fairly lucrative. She was only a little over forty years of age. That business might be reasonably expected to continue to bring her returns for many years. It was her own separate business and the profits are secured to her by statute, as well as the right to recover in her own name damages for any injury to her earning power in the business. Secs. 2343, 2345, Stats. 1913.

*By the Court.*—Judgment affirmed.