A. D. PATTERSON v. FRED BLATTI.[1]

May 5, 1916.

Nos. 19,803—(49).

**Assault and battery — opinion evidence admissible.**

1. Where the truth must ultimately rest in inference or opinion, and it is impossible by description to reproduce the things seen by the witness so as to enable jurors to comprehend them as they are comprehended by one who has had the benefit of personal observation, it is proper to receive opinion evidence. An opinion of one who saw marks on plaintiff's thumb that the marks were teeth marks or were caused by a bite, *held* admissible within this rule.

**Same — humiliation an element of damage.**

2. Humiliation or mortification to arise in the future on account of disfigurement of person is a proper element of damage in an action for personal injury.

[1] Reported in 157 N. W. 717.

**Same — charge to jury.**

> 3. An instruction that the defendant, in an assault and battery case, is not liable for damages caused by aggravation of the injury due to his own neglect, is proper enough in the abstract, but the refusal to give such an instruction in this case was not error, since there was no sufficient evidence to sustain a finding of such neglect.

**Verdict not excessive.**

> 4. Twelve hundred and fifty dollars is not an excessive verdict in an assault and battery case where the injury caused a permanent shortening and stiffening of the thumb and there was evidence to show expense and loss of time aggregating $350.

Action in the district court for Nobles county to recover $3,250 for assault and battery. The case was tried before Nelson, J., and a jury which returned a verdict for $1,250. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*E. J. Jones* and *Knox & Faber,* for appellant.

*J. A. Town* and *E. H. Canfield,* for respondent.

HALLAM, J.

This is a civil action to recover damages for assault and battery. Plaintiff recovered a verdict for $1,250. Defendant appeals. It is conceded that the evidence is sufficient to sustain a verdict in some amount. The errors assigned bear more or less directly upon the amount of damages.

1. The trouble started on a sidewalk of a street in Wilmont. The parties clinched, or at least defendant clinched plaintiff, and they rolled off the sidewalk and under or against a portable grain elevator standing near by. When the affair was over, plaintiff had a mark or abrasion on his right thumb, an injury apparently inconsequential, but which, by reason of subsequent infection, proved serious. Plaintiff testified that this was caused by defendant biting his thumb. Defendant denied this.

Plaintiff later testified that the injury to the thumb consisted of two marks as though "something sort of sharp had been kind of cramped down on there and cut through the skin and sort of divided the skin both ways." Then occurred the following: "Q. From its general appearance could you tell what caused this cut? A. Yes, sir. Q. Well,

what was it? A. It was a bite." Plaintiff's wife was also permitted to testify that shortly after the assault she saw "two teeth marks" on plaintiff's thumb. It is conceded that this injury to the thumb was caused in some manner by the assault, but defendant claims it was caused by accidental contact with the elevator. The particular cause is not important as far as concerns the actual physical injury to plaintiff, but it may have importance as bearing on the question of malice on defendant's part, since a bite might well be considered as indicative of a more vicious state of mind than that indicated by the other admitted acts of assault. The contention of defendant is that plaintiff and his wife should not have been permitted to say that the marks that they saw were "teeth marks," or that they were caused by a bite.

We think the reception of this testimony was not error. It was opinion testimony of nonexpert witnesses. The principles governing the reception of this class of testimony are well settled. Where the truth must ultimately rest in inference or opinion and it is impossible by description to reproduce the things seen by the witness so as to enable jurors who have not seen them to comprehend them as they are comprehended by one who has had the benefit of personal observation, it is proper to receive opinion evidence. Evans v. The People, 12 Mich. 27, 35; Commonwealth v. Sturtivant, 117 Mass. 122, 19 Am. Rep. 401; 3 Wigmore, Ev. §1924. The matter rests largely in the discretion of the trial court. He should receive such evidence when in his judgment it will be helpful to the jury, and his action in so doing is not usually regarded as subject to review on appeal. Jones v. Burgess, 124 Minn. 265, 144 N. W. 954.

2. Plaintiff suffered a permanent disfigurement of the thumb. In charging the jury on the subject of damages the court instructed them as follows: "If you find * * * that he has been permanently * * * disfigured * * * you have a right to take * * * into account * * * the humiliation of being disfigured hereafter." This is assigned as error. The decisions are in hopeless conflict as to whether or not in a personal injury case humiliation or mortification to arise in the future on account of disfigurement of person is a proper element of damage. A respectable minority hold that such element of damage should not be taken into account. Southern Pac. Co. v. Hetzer, 135 Fed. 272, 68 C. C. A. 26, 1 L.R.A.(N.S.) 288; Diamond Rubber Co. v. Harry-

man, 41 Colo. 415, 92 Pac. 922; Indianapolis & St. L. R. Co. v. Stables, 62 Ill. 313, 321; City of Salina v. Trosper, 27 Kan. 544, 565; Johnson v. Wells, Fargo & Co. 6 Nev. 224, 3 Am. Rep. 245; Linn v. Duquesne Borough, 204 Pa. St. 551, 54 Atl. 341, 93 Am. St. 800. A majority sustain the consideration of this element of damage. The Oriflamme, 3 Saw. (U. S. Dist.) 397, Fed. Cas. No. 10,572; Railway Co. v. Dobbins, 60 Ark. 481, 30 S. W. 887, 31 S. W. 147; Western & Atlantic R. Co. v. Young, 81 Ga. 397, 7 S. E. 912, 12 Am. St. 320; Stewart v. Maddox, 63 Ind. 51; Bolen-Darnall Coal Co. v. Williams, 7 Ind. Ter. 867, 104 S. W. 867; Newbury v. Getchell & Martin L. & M. Co. 100 Iowa, 441, 69 N. W. 743, 62 Am. St. 582; Coombs v. King, 107 Me. 376, 78 Atl. 468, Ann. Cas. 1912C, 1121; Power v. Harlow, 57 Mich. 107, 23 N. W. 606; Rockwell v. Borough of Eldred, 7 Pa. Super. Ct. 95; Galveston H. & S. A. Ry. Co. v. Clark, 21 Tex. Civ. App. 167, 51 S. W. 276; Gray v. Washington Water Power Co. 30 Wash. 665, 71 Pac. 206; Nichols v. Brabazon, 94 Wis. 549, 69 N. W. 342; 1 Sutherland, Damages (3d ed.) § 93; 4 Sutherland, Damages (3d ed.) § 1241; 3 Cyc. 1107, subd. b; see note 15 L.R.A.(N.S.) 775.

The question may be regarded as unsettled by previous decisions of this court. In Johnson v. Forrestal, 119 Minn. 202, 137 N. W. 1095, it was plainly treated as an open question, and the question was left open, though in Burke v. Chicago & N. W. Ry. Co. 131 Minn. 209, 154 N. W. 960, it was held that where a personal injury causes stammering the jury might take into consideration the humiliation caused by that impediment.

The decisions that have denied the propriety of this element of damage have urged as reasons, that such mental suffering is too vague, intangible and indefinite to be susceptible of proof (Southern Pac. Co. v. Hetzer, 135 Fed. (C. C. A.) 272, 68 C. C. A. 26, 1 L.R.A.(N.S.) 288); that only such mental suffering can be taken into account as results necessarily and spontaneously from the injury, or such as remains during the continuance of the original exciting cause, and not such as arises from reflection or contemplation (Chicago, B. & Q. R. Co. v. Hines, 45 Ill. App. 299); that this element is separable from the bodily pain and is, accordingly, too remote (Southern Pac. Co. v. Hetzer, 135 Fed. (C. C. A.) 272, 68 C. C. A. 26, 1 L.R.A.(N.S.) 288); and in one case it is said

that humiliation is to be taken into account only when touching social position or arising as a natural consequence from the nature of the wrongful act. Batterson v. Chicago & G. T. Ry. Co. 49 Mich. 184, 13 N. W. 508.

It is well settled that in an action for personal injury mental suffering reasonably certain to be endured in the future may be taken into account in estimating damage. Johnson v. Northern Pac. R. Co. 47 Minn. 430, 50 N. W. 473; Cooper v. St. Paul City Ry. Co. 54 Minn. 379, 56 N. W. 42. We see no sufficient reason why mental suffering of this class should be excepted. The cause is in no sense uncertain. It is no more intangible or difficult of proof than is mental suffering in general. The fact that it may survive the physical pain does not seem to us decisive as long as it has its inception with the physical injury. We hold that it was proper for the court to instruct the jury that they might take into account the humiliation, if any, from permanent disfigurement of person.

3. Defendant asked the court to instruct the jury as follows: "If you find in this case that the injuries to plaintiff's thumb complained of by him in this action, were inflicted by defendant in the fight testified to by the witnesses, but that the injury thereto was afterwards aggravated by the carelessness and neglect of the plaintiff to properly care for and treat the same or to have the same properly treated or attended to, defendant cannot be held liable in this action for any damages or injuries thereto, caused by, or resulting from, such carelessness and neglect on the part of the plaintiff." The court declined to do so. The instruction asked embodied propositions of law correct in the abstract, but we are of the opinion that they had no application to this case. No finding of negligence on the part of plaintiff could be sustained on the evidence in this case. The assault occurred on Monday. Plaintiff lived on a farm. After arriving home he dressed his thumb with home remedies. The next day it was numb and was swollen a little. It became gradually worse. Plaintiff and his wife applied from time to time peroxide, liniment, turpentine, bread and milk poultices, such remedies as a farmer usually has at hand, until Thursday, three days after the assault. Then conditions grew worse; they consulted a doctor. It cannot be said that plaintiff did not act as a reasonably prudent person would under the same circumstances.

4. It is claimed the damages are excessive. Were it not for the injury to the thumb the case would not be one for large damages. Defendant was the aggressor, but the assault was provoked by language and epithets that were indecent and insulting and well calculated to provoke assault. Such language does not justify assault, for no man may take the law into his own hands to resent insult. Yet it may mitigate the damages incident to the assault. But the fact remains that plaintiff suffered a permanent injury to the thumb, which resulted in the shortening and stifferning of it. He lost about two months' time, worth, he claims, $100 a month, and incurred doctor's bills amounting to $150. In view of all of these facts we are of the opinion that the verdict is not so excessive as to warrant interference by this court.

There are other assignments of error. They have been carefully considered. We do not consider any of them well taken or as requiring special mention.

Order affirmed.