FRED R. BECK v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

November 10, 1916.

Nos. 19,873—(25).

**Former appeal followed.**

1. Upon the issue of the negligence of defendant and plaintiff's right of action, the decision of the court on a former appeal is followed as the law of the case.

1 Reported in 159 N. W. 831.

Note.—For authorities passing on the question of effect of intervening act or neglect of person injured, on recovery of damages for personal injuries, see note in 48 L.R.A.(N.S.) 105.

**Exercise of care by injured person — error of judgment.**

> 2. A person who is injured by the negligence of another is required by law to exercise reasonable care to prevent an increase of the damage suffered, and where he exercises such care error in judgment as to the character of the treatment applied will not necessarily bar a recovery of full compensation.

**Question of proper treatment one of fact.**

> 3. The evidence made the question whether the treatment applied by plaintiff was proper or improper, the result of due care or gross negligence, one of fact.

Action in the district court for Freeborn county to recover $20,000 for personal injury. After the decision upon the former appeal, reported in 125 Minn. 256, 146 N. W. 1092, the case was tried before Kingsley, J., and a jury which returned a verdict for $5,800. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Henry A. Morgan, F. W. Root* and *Nelson J. Wilcox,* for appellant.
*Dunn & Carlson* and *McCoy & McCoy,* for respondent.

BROWN, C. J.

Action for personal injuries in which plaintiff had a verdict, and defendant appealed from an order denying its alternative motion for judgment or a new trial.

The assignments of error present two general questions, namely: (1) Whether the court below erred in denying defendant's motion for judgment notwithstanding the verdict; and (2) whether any errors were committed by the court in its charge to the jury of a character to require a new trial of the action. We answer both questions in the negative.

1. The cause was before us on a former appeal. 125 Minn. 256, 146 N. W. 1092. The facts are fully stated in the opinion then filed, to which reference is now made for an understanding of the case. The issue of negligence remained the same on the second trial, and the evidence, though materially added to by both parties, is substantially that presented on the first trial. We held on the other appeal that the evidence made the question of defendant's negligence an issue of fact for the consideration of the jury. We follow and apply that decision as the law of the

case, and hold that the evidence in the present record fully supports the verdict. The trial court was therefore right in denying the motion for judgment notwithstanding the verdict.

2. We discover no error in the instructions of the court of which defendant may complain as prejudicial. The injury complained of was to plaintiff's foot, and was caused by stepping upon a nail protruding through a board which plaintiff alleged was negligently permitted by defendant to remain upon its premises in a place likely to result in injury to patrons of the company. It appears from the evidence that soon after plaintiff received the injury he applied to the wound a solution of carbolic acid as a disinfectant. It was the contention of defendant at the trial that plaintiff's conduct in this respect was an act of gross negligence; that the necessary effect of the application of the acid was injurious, and that it in fact caused the wound to become infected with gangrene, necessitating a few days later the amputation of the leg below the knee. There was medical testimony supporting defendant's contention, and also like testimony in support of plaintiff's claim that an application of the acid in weak solution was not injurious, and was proper treatment. There was also evidence tending to show that the acid caused the wound to become infected with gangrene, which evidence was likewise disputed by witnesses for plaintiff. The court charged the jury that if the application of the acid to the wound was the necessary cause of the infection, plaintiff could not recover for the loss of his leg, but left them to determine whether such treatment was proper or improper. In this same connection the court charged that in his efforts to heal the wound, or prevent an extension or aggravation of the injury, plaintiff was bound by the rule of reasonable care, and that if he exercised such care, in the application of the acid, the fact that he may have erred would not necessarily deprive him of the right to recover. The instructions of the court were correct. Watson, Damages for Personal Injuries, § 189; Patterson v. Blatti, 133 Minn. 23, 157 N. W. 717. The question whether he used due and reasonable care or whether the application of the acid was a piece of utter recklessness, as claimed by defendant, was one of fact and properly submitted to the jury.

This covers all that need be said. We discover no error in the instructions to the jury, the evidence supports the verdict and the damages are not excessive.

Order affirmed.