# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MINNESOTA.

---

HARRIET E. McALLISTER v. ST. PAUL CITY RAILWAY COMPANY.[1]

June 26, 1908.

Nos. 15,615—(156).[2]

**Continuance—Privileged Communication.**

> *Held*, in this, a personal injury action, that the trial court did not abuse
> its discretion in denying the defendant's motion, made on the trial, to
> continue the case over the term on account of the absence of a witness,
> and, further, that the court did not err in excluding the testimony of the
> plaintiff's physician on the ground that it was privileged and that she
> had not waived the privilege by testifying as to her condition while under
> treatment by her physician.

Action in the district court for Ramsey county to recover $15,000
for personal injuries. The case was tried before Kelly, J., and a jury
which returned a verdict in favor of plaintiff for $1,500. From an
order denying its motion for a new trial, defendant appealed. Af-
firmed.

*W. D. Dwyer* and *W. R. Duxbury, for appellant.*

*Edward G. Rogers* and *George Nordlin,* for respondent.

START, C. J.

Action to recover damages for personal injuries sustained by the
plaintiff by the alleged negligence of the defendant in closing the gates

[1] Reported in 116 N. W. 917.      [2] April, 1908, term calendar.

105 M.—1

of one of its cars as she was boarding it. The answer admitted that at the time stated in the complaint the plaintiff was caught by the gates of the car as she was boarding it, and was injured thereby, and put in issue the other allegations of the complaint. Verdict for the plaintiff for $1,500, and the defendant appealed from an order denying its motion for a new trial.

1. The first reason urged for a new trial is that the trial judge erred in denying defendant's motion, made on the third day of the trial, to continue the case over the term. The motion was based upon the affidavit of defendant's attorney, stating, in effect, that M. and his wife, residing outside of the state and at Chicago, were material witnesses for the defendant, and that he was informed and believed that if they were present in court each would testify that shortly before the alleged accident they met the plaintiff and one of her witnesses in a winehouse in St. Paul; that they stated to them that they were going out to fall off a street car for the purpose of getting money from the car company; that they tried it once and failed, but that they were going out to put up a job on the company by getting caught in the gates; that later M. and his wife refused to be parties to the job, and stated to the plaintiff that they would give the whole thing away to the company, and that they did so; and, further, that M. came to St. Paul by arrangement with defendant's attorney, and a subpœna was there served on him December 6, 1907, and his fees, $1.25, were paid to him, and on subsequent days his fees as a witness were tendered to him, which he declined, saying that it was unnecessary to pay him, that he would remain until the trial was through; and, further, that on December 13, while the trial was still pending, affiant discovered that M. had returned to Chicago, and a representative of the defendant was sent at once to Chicago to secure his return, but M. refused so to do.

The granting of a continuance of a cause is a matter resting largely in the discretion of the trial court, and its action will not be interfered with on appeal, except for a manifest abuse of discretion. Dunnell, Pr. § 383. In view of the admission in the defendant's answer and the remarkable story of the absent witness, we are of the opinion that the trial court did not abuse its discretion in refusing to continue the case over the term.

2. The only other assignment of error urged by defendant is that the court erred in excluding, as privileged, the proposed testimony

of a physician, who at one time had professionally attended and treated the plaintiff, as to facts learned by him while so attending her. It is the contention of the defendant that she had impliedly waived the privilege by testifying to the fact that the physician had treated her professionally two years before and as to the nature of her ailment. The ruling of the court was correct. Hilary v. Minneapolis St. Ry. Co., 104 Minn. 432, 116 N. W. 933.

Order affirmed.