# ONOFRIO MARFIA v. GREAT NORTHERN RAILWAY COMPANY.[1]

February 6, 1914.

Nos. 18,335—(217).

**Negligence — evidence — verdict not excessive.**

    1. Action, based upon the laws of Wisconsin, to recover for personal injuries. *Held* that the questions as to negligence and contributory negligence were properly submitted to the jury and that the evidence sustains the verdict. Also that the verdict is not so excessive, in view of the facts of the case, as to justify this court in interfering therewith.

**Physician — testimony within the statutory privilege.**

    2. The testimony of a physician as to the instructions given his patient and as to whether the patient obeyed such instructions is within the privilege conferred by section 8375, G. S. 1913, and was properly excluded.

**Waiver of privilege by patient.**

    3. The patient does not waive his privilege by bringing an action to recover for the injuries for which the physician treated him, unless the action

[1] Reported in 145 N. W. 385.

---

Note.—On the question of the waiver of statutory provisions as to confidential disclosures to physicians, see note in 1 L.R.A.(N.S.) 1068. And as to the right of plaintiff in action for malpractice to avail himself of privilege as against testimony of defendant or other physicians, see note in 20 L.R.A.(N.S.) 1003.

be against the physician for malpractice. Neither does he waive such priv-
ilege by presenting evidence in support of his claim, where such evidence
is confined to matters outside his transactions with the physician.

Action in the district court for St. Louis county to recover $15,000
for injury received in Wisconsin while employed by defendant as a
section hand. The complaint set out the provisions of chapter 254
of the laws of Wisconsin for the year 1907 and of chapter 485 of
the laws for 1911. The answer denied that plaintiff's injury was
caused by any negligence of any kind on its part, and alleged that
plaintiff was familiar with all the dangers of his employment, en-
tered upon it and continued therein with full knowledge thereof,
and assumed all the risks and dangers of the employment. The case
was tried before Ensign, J., and a jury which returned a verdict of
$5,000 in favor of plaintiff. From an order denying its motion for
judgment notwithstanding the verdict or for a new trial, defendant
appealed. Affirmed.

Baldwin & Baldwin, for appellant.
Henry F. Greene, for respondent.

Taylor, C.
Plaintiff brought suit for personal injuries and recovered a verdict.
Defendant made an alternative motion for judgment notwithstanding
the verdict or for a new trial and appealed from the order denying
the motion.

The accident occurred on the evening of June 26, 1912, at defend-
ant's ice house in the city of West Superior, Wisconsin; and the
action is based upon the statutes of the state of Wisconsin.

Plaintiff and several other employees of defendant were engaged
in taking ice from the ice house and loading it upon cars. They
made use of a chute which reached from the floor of the ice house
to a platform outside. Plaintiff pulled the cakes of ice to the foot
of the chute, then placed a pair of ice tongs in position, and the
other employees drew the ice up the chute to the platform by means
of a rope attached to the tongs. While plaintiff was placing a cake
of ice in position at the foot of the chute, another cake which was

being drawn up the chute to the platform, slipped from the tongs, slid back down the chute, and plaintiff's leg was caught between the two cakes and broken.

1. The negligence charged was the failure to light the ice house and the furnishing of a pair of tongs for use in hoisting the ice which were defective and unfit for that purpose. The ice house was unlighted. There is testimony tending to show that, at the time of the accident, the darkness was such that plaintiff could not see the cakes of ice while upon the upper part of the chute, and was unable to determine whether they were properly landed upon the platform. There is also testimony tending to show that the points of the tongs had become so worn, rounded and dull that they did not fasten upon the ice properly, and that plaintiff had notified the foreman of this defect. Plaintiff claims that by reason of this defect the tongs slipped from the ice, and, on account of the darkness, that he did not discover that fact in time to avoid the injury. Defendant claims that plaintiff was familiar with the situation and with the condition of the tongs, and that the injury resulted from his own carelessness in unnecessarily putting himself in a place of danger at the foot of the chute.

The Wisconsin law provides that if the company and the employee were both negligent, but the negligence of the company was greater than that of the employee and contributed in a greater degree to the injury, the employee is entitled to recover. The questions as to the negligence of defendant, as to the contributory negligence of plaintiff, and as to the comparative negligence of plaintiff and defendant, were correctly submitted to the jury, and their conclusion upon these questions is amply supported by the evidence.

2. The broken ends of the bones of plaintiff's leg had slipped out of place and overlapped before uniting so that the leg is 1¼ inches shorter than formerly. Defendant sought to show that plaintiff himself displaced these bones by his own improper acts, and for this purpose attempted to prove by the attending physicians that he had failed to heed or follow the instructions which they had given him as to the care and treatment of the injured limb. This testimony was excluded as infringing the privilege conferred by the statute which provides that: "A licensed physician or surgeon shall not,

without the consent of his patient, be allowed to disclose any information which he acquired in attending the patient in a professional capacity, and which was necessary to enable him to act in that capacity." Section 8375, G. S. 1913.

Defendant contends that instructions given the patient and his attitude and conduct as to obeying them are not within the inhibition of the statute; that the information sought was not communicated in confidence; and that plaintiff had waived his privilege, and for these reasons insists that the exclusion of the testimony of the physicians was error. We think the ruling was correct. Although a physician may testify to the fact that he has attended a person professionally, the statute seals his lips as to all information acquired in consequence of his professional employment, and necessary for the proper performance of his professional duties. Price v. Standard Life & Accident Ins. Co. 90 Minn. 264, 95 N. W. 1118. His instructions are given in the performance of professional duties, and knowledge of the manner in which they are observed might have an important bearing upon his subsequent treatment. The statutes of different states vary materially and the statutory privilege is sometimes restricted to communications made by the patient. It is obvious that decisions based upon statutes essentially different from our own are not in point. Our statute does not limit the privilege to communications made by the patient, nor to information imparted in confidence; but extends it to all information acquired by the physician in his professional capacity and necessary to enable him to act properly.

Defendant bases its claim that plaintiff had waived his privilege upon the ground that he brought suit to recover for the injuries for which the doctors had treated him; that he himself had testified as to these injuries; and that he had called other physicians to testify as to the consequences resulting from these injuries.

The authorities hold that the bringing of an action, unless it be against the physician himself for malpractice, is not a waiver of the privilege. The testimony of the physicians called as witnesses by plaintiff was confined to the information acquired by their own examination made shortly before the trial and after the leg had healed. Plaintiff himself testified concerning the manner in which the injury

occurred and his present condition in consequence thereof. Neither plaintiff nor the physicians called by him testified as to the matters which defendant sought to elicit from the attending physicians. The cases cited by defendant are essentially different from the instant case in their facts. The bringing of the action and the presentation of the testimony adduced by plaintiff did not operate as a waiver of the privilege. Hilary v. Minneapolis Street Ry. Co. 104 Minn. 432, 116 N. W. 933; McAllister v. St. Paul City Ry. Co. 105 Minn. 1, 116 N. W. 917.

In support of its proposition as to waiver defendant relies largely upon Wigmore on Evidence. This erudite author discusses the underlying principles which govern such matters, and, in his usual trenchant style, asserts that the law ought to be substantially as contended for by defendant, but frankly admits that such is not the law at the present time. We give much weight to his masterly work, but must apply the law as we find it and leave the modification of the statute to the law-making power. As said in Hilary v. Minneapolis Street Ry. Co. supra: "Mr. Wigmore gives some excellent reasons why the statute might be modified. Wigmore, Ev. §§ 2380–2389. But the statute has been of long standing, has generally been liberally construed, and, although there seem to be strong reasons why it might be modified so as to permit physicians to testify upon such occasions as this, the wisdom of making a change should be left to the legislature."

3. Defendant urges that the verdict is excessive. Plaintiff is a young man 29 years of age dependent upon manual labor for support. His leg is shortened 1¼ inches. The evidence tends to show that the bones are not in alignment but are turned from their normal position, and that the leg will always remain weak for this reason. Also that the condition of the leg is such that using it is likely to cause pain at intermittent periods as long as he may live. The verdict is for $5,000. The amount is large, but it was fixed by the jury and has been approved by the trial court, and we think that the facts are such that this court is not justified in interfering with their conclusion.

We find no prejudicial error in the record and the order appealed from is affirmed.