JAMES J. BURKE v. CHICAGO & NORTHWESTERN RAILWAY COMPANY.[1]

November 26, 1915.

Nos. 19,440—(104).

**Witness — waiver of privilege by patient.**

1. A patient may waive his right to prevent his physician giving testimony which is privileged under G. S. 1913, §8375, subd. 4 (R. L. 1905, §4660, subd. 4); and if he fails to object to a question which necessarily calls for testimony which is privileged, after a fair opportunity is given him to make an objection, he waives his right to object that the physician cannot testify because of the privileged character of the testimony.

**Damages — humilation — request to charge.**

2. In an injury resulting in stammering and stuttering, humilation is a proper element of damages; but there is no prejudicial error in refusing a long instruction containing such element where the general charge fairly presents the rule as to general damages, and the attention of the court is not called to the particular element.

**Federal Employer's Liability Act — contributory negligence — denial of new trial.**

3. In an action brought under the Federal Employer's Liability Act (35 St. 65), contributory negligence not being a bar but being proper for consideration in the reduction of damages, the court will not assume, when the ground of the motion for new trial is inadequacy of damages given under the influence of passion or prejudice, that the jury did not find contributory negligence and reduce the damages, and in this case it is *held* that the trial court did not commit error in refusing a new trial upon the ground stated.

Action in the district court for Hennepin county to recover $30,000 for personal injury received while in the employ of defendant. The case was tried before Molyneaux, J., and a jury which returned a verdict for $1,875. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

[1]Reported in 154 N. W. 960.

Note.—As to waiver of privilege as to communications between physician and patient, see note in 48 L.R.A.(N.S.) 395.

As to inadequacy of verdicts in actions for personal injuries other than death, see note in 1915F, 491.

*Glicksman, Gold & Corrigan* and *Leonard T. Erdall,* for appellant.
*Brown, Abbott & Somsen,* for respondent.

PER CURIAM.

Action to recover for personal injuries. There was a verdict for the plaintiff. He appeals from the order denying his motion for a new trial. His claim is that the damages awarded him were inadequate and that there were certain errors at the trial proper to be considered upon a claim of inadequate damages.

1. The most important and difficult question, and the one concerning which there is the greater doubt, is whether the court properly permitted the physician who first examined and treated the plaintiff, and who was called as a witness by the defendant, to testify, over the objection of the plaintiff, that the testimony was privileged, to an admission made by him as to a physical ailment existing prior to the accident. The following excerpts from the record sufficiently show the question presented to us:

"Q. What condition did you find him in? First, what time was this, what hour? A. I saw him in the morning of the ninth of October, 1912. When I first saw him he was complaining of great pain in the belly, and said that he had vomited. On examination I found no evidence of injury. First, I will say that he told me that he had been through a jar of the train—had struck his belly against a desk, and upon examination of his belly, while I found no evidence of injury, the skin was not abraded, there was no black—blueness (what we call ecchymosis) whatever on examination of the belly, yet I noticed it was exceedingly rigid, practically as hard as a board, and very sensitive to touch, particularly sensitive in the right lower quadrant of the belly. In getting a history of the case I asked him in regard to the facts of the trouble, and he told me that the Friday before the injury he had pain in his belly similar to this, accompanied by vomiting, and—

"Mr. Gold: Just a moment. We object to this as incompetent, immaterial, not responsive to the question or to any question, and because it is a privileged communication that the doctor ought not to be permitted to disclose; and I move to strike it out.

"Mr. Abbott: I think it is too late for them to raise the question of privileged communication after he is called here and has gone into the way in which he examined him. This witness was called. They know the situation, and they can't wait until finding out whether it is favorable or unfavorable and then claim privilege after the witness has testified to statements made and move to strike it out. * * *

"Mr. Gold: That is not a responsive answer to the question, 'What condition did you find him in?' This witness is going ahead to make statements that most physicians would claim the privilege from testifying about.

"The Court: I think that comes within the statute.

"Mr. Abbott: Surely it comes within the statute, but there was no objection to the witness testifying at all, and then counsel moves to strike out the part of the testimony which he thinks is not favorable to the plaintiff.

"The Court: The question didn't involve that.

"Mr. Gold: And no indication of what was coming, because it was not responsive. We have no objection to his testifying as to his physical findings, and he has described them.

"The Court: That is a statement concerning what the patient told him, and it may be stricken out as a privileged communication.

"Mr. Abbott: Exception.

"Q. Now, doctor, you may go on and tell just what you found, without testifying as to what he told you about it."

After an examination of seven or eight pages counsel for the defendant adverted to the former question bearing upon the admission of the plaintiff and was permitted to inquire of the physician relative thereto, the court taking the position that the plaintiff had waived his right to object upon the ground that the testimony was privileged. The question is upon the correctness of the ruling of the court upon this point.

At common law there was no privilege. The statute which prohibits the physician from testifying is as follows:

"A licensed physician or surgeon shall not, without the consent of his patient, be allowed to disclose any information which he acquired in attending the patient in a professional capacity, and which was neces-

sary to enable him to act in that capacity." G. S. 1913, § 8375, subd. 4 (R. L. 1905, § 4660, subd. 4).

There is no question but that this testimony was inadmissible, unless the plaintiff made it admissible by waiver. There was no express waiver. If there was a waiver it must be because of a failure to object at a proper time.

There is much to be said in support of the policy of limiting the statutory restriction or of modifying the statute. Dean Wigmore makes a forceful argument against the rule of privilege. 4 Wigmore, Ev. §§ 2388, 2389. It is followed in an incisive opinion in Epstein v. Pennsylvania R. Co. 250 Mo. 1, 156 S. W. 699, 48 L.R.A. (N.S.) 394, Ann. Cas. 1915A, 423, and in other cases. The complaint usually is that a plaintiff, seeking damages for an injury, is unfair in repressing and keeping from the jury the testimony of a physician who treated him and has knowledge of his condition at the time, when the physician's testimony, if truthfully given, should be helpful to the jury in reaching a right determination of the extent of the injury for which compensation is sought. There is much force in this suggestion; yet there are those who say that the complaint made is unjust, in that it prescribes an arbitrary test of fairness for the plaintiff, and leaves the physician who attended him at the time of his injury, and whom he did not employ and who may be a partisan of the defendant, restrained by no rule of fairness except such as his conscience gives. It is likely that the whole question is not of such far-reaching importance as some give it, for juries see the practical situation and measure testimony accordingly. This court voiced its understanding and appreciation of the standpoint of Dean Wigmore in Hilary v. Minneapolis St. Ry. Co. 104 Minn. 432, 116 N. W. 933, and notably in the late case of Marfia v. Great Northern Ry. Co. 124 Minn. 466, 145 N. W. 385. We are not concerned with the question of the policy of restricting a physician in his testimony The legislature has fixed the policy and stated it in the language of the statute quoted. The question of waiver, however, is a question for the court. A majority of the court are of the opinion that under the portion of the record quoted, which we think fairly presents the question, the plaintiff waived his right to restrict the physician in the giving of his testimony; and it is the view of the majority that when a question

is asked a physician, necessarily calling for testimony which is privileged under the statute quoted, and a fair opportunity is given the plaintiff to make an objection, he must make it then or lose his right to object afterwards during the trial. This gives a definite working rule easily followed and easy of application. A minority of the court do not agree with the conclusions stated.

2. Counsel proposed a long instruction, one part of which made humili·ation resulting from the injury to the plaintiff a proper element of damages. There was testimony that, from the shock attending the injury, there resulted an impairment of the plaintiff's power of speech so that he became afflicted with stammering or stuttering. Humiliation of course was proper to be considered in an award of damages. The instruction requested was long, covering three-fourths of a printed page The court expressed nearly the same thought in different language, and counsel, though calling the court's attention to other matters, made no specific reference to a failure to instruct upon this point. Our prac-tice does not encourage long and involved instructions, nor is the court compelled to use the language of counsel, nor can counsel object on appeal to an inadvertent omission to which he has not called the attention of the court. If counsel desired the matter of humiliation to be particu-larly called to the attention of the jury, he should have made his re-quest precise, or, upon the failure of the court to give his requested instruction, should have called his attention to the omission of this particular element of damage.

3. The plaintiff was the rear brakeman on a freight train running be·tween Chicago and Milwaukee and sustained his injury as he was in the vicinity of the latter city. The action was brought under the Fed-eral Employer's Liability Act. 35 St. 65. The complaint on the ap-peal is that the damages are inadequate as a result of passion and preju·dice on the part of the jury. Under the Federal act contributory neg-ligence is not a bar but it may be considered in reduction of damages. A plaintiff may avail himself of the claim·that there was no contribu-tory negligence, and, at the same time, he may avail himself of the rule of proportional damages if contributory negligence is found. The evidence of contributory negligence was very slight, but we are of the opinion that there was evidence to go to the jury. We cannot tell from

the record how the jury found upon this issue. In determining whether the damages are so inadequate as to show passion and prejudice on the part of the jury requiring a new trial, we cannot assume that the jury did not find contributory negligence and did not apportion damages. The award was $1,875. Concededly this is a small verdict. The court might well have granted a new trial and its ruling would have been upheld, or it might have increased the award conditionally. The damages are small, though we assume that the jury found contributory negligence and reduced the damages accordingly; but the evidence is not such as to justify us, after the trial court has passed upon the question, in saying that the damages were given under the influence of passion and prejudice.

Order affirmed.