## STATE v. SAMUEL HASS, ALIAS CLARENCE LA BARRE.[1]

December 3, 1920.

No. 22,011.

**Grand larceny—conviction sustained.**

1. The evidence is sufficient to sustain a verdict finding the defendant guilty of grand larceny in the first degree.

**New trial because of improper argument of prosecutor unnecessary.**

2. The argument of the county attorney, referring to newspaper reports general in character, though improper, is *held*, in view of the circumstances of the case, and of the rule that the granting of a new trial on the ground of misconduct of counsel is largely discretionary with the trial court, not of a character requiring a new trial.

Defendant was indicted by the grand jury of Stearns county charged with the crime of grand larceny in the first degree, tried in the district court for that county before Roeser, J., and a jury which rendered a verdict of guilty as charged in the indictment. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*James Manahan, C. A. Lane* and *James R. Bennett, Jr.,* for appellant.

*C. L. Hilton,* Attorney General, and *Paul Ahles,* County Attorney, for respondent.

DIBELL, J.

The defendant was convicted of grand larceny in the first degree and appeals.

1. The defendant lived at St. Paul where he had been an automobile machinist and a part owner in a garage. The business was unsuccessful. On May 26, 1919, he went to St. Cloud, in response, he says, to

[1]Reported in 180 N. W. 94.

an advertisement for a machinist in the Pan motor plant. He arrived between 7 and 8 in the evening. In the early morning of the next day, apparently shortly after midnight, two autos were stolen, one known as the Bruening auto and the other the Jerrard auto. He was convicted of stealing the Jerrard auto which he was driving at the time of his arrest. Three others were in the Bruening car. They were not apprehended.

There is evidence that the defendant was seen in the evening with three other men on the streets of St. Cloud. He says that he fell in with several men at St. Cloud after supper, that they drank in the saloons until midnight, and that he became intoxicated. A young fellow, with whom he had been, invited him to take a ride in a car standing on the street. They rode out of town. He cannot say where. They came to what he supposed was a road house where there was another car, apparently the Bruening car. His partner was too intoxicated to drive, and at the suggestion of the others the defendant drove, his partner riding in the other car. He followed that car and was arrested as he was on the bridge returning to St. Cloud. The other car escaped. There was evidence that the Bruening car and the Jerrard car were stolen about the same time and that the Bruening car was taken to the Jerrard garage and the Jerrard car taken. There was evidence, not of much value, that a shoe of the defendant fitted into tracks found at the Bruening garage. The officers claim that the defendant when arrested stated that the auto belonged to his sister who lived somewhere in St. Cloud and offered to take them there. The defendant does not remember this. He gave an assumed name. He explains this by saying that he knew he was in trouble of some kind and wanted to save his family from disgrace. He had never been in trouble before and had a family in St. Paul, where he was born and had lived and worked for many years.

The evidence was such that the jury might have found either way. The defendant's story was one that could be believed. He was intoxicated and he may have been on a drunken carousal, and have committed no crime or one less serious than that charged. There were circumstances against him. The jury took the view that he was guilty. The issues were clearly and impartially presented by the trial court and it approves the verdict. We cannot say that the evidence is insufficient.

2. In his argument to the jury the county attorney in referring to the police officers, whose testimony defendant's counsel sought to discredit upon cross-examination, said:

"I would like to have this jury believe that these men·are good men and that they have always performed their duties honestly and that the city isn't harboring any criminals as officers in these places. I think we have an orderly city and to try and discredit these men and prove them criminals would reflect upon our city and upon the administration. We have a peaceful  *  *  *  law abiding city and if these people from the southern village would leave us alone we would probably be more secure in our property."  ·

(Here an exception was taken and noted.)

"Some things are common knowledge and we have the right to discuss them even in the absence of testimony. We have an intelligent jury who read the newspapers and I believe that the report goes that a great deal of these operations come from the village of St. Paul."

We regret this argument.

Whether a new trial shall result because of misconduct is in a large measure discretionary with the trial court. Dunnell, Minn. Dig. and 1916 Supp. § 7102, and cases cited. Upon careful consideration we are brought to the conclusion that the argument of the county attorney was not of so serious consequence as to require a new trial. The jury is a part of the court in the administration of justice. It is not swayed by every imprudent or wrongful remark of counsel. We must credit it with exercising good judgment. The trial court, in much better position to determine the fact than are we, is of the opinion that the argument of counsel did not influence the jury prejudicially. All of counsel's argument is included in the settled case. It is a fair presentation of the case except in the respects mentioned. In view of the general fair character of counsel's argument, the thoroughly impartial charge to the jury, and the trial judge's view that counsel's argument was not prejudicial, we hold that a new trial based upon counsel's misconduct was properly denied. Still, we regret that the argument was made..

Order affirmed.