# MARIE AND GEORGE MAAS v. MIDWAY CHEVROLET COMPANY AND HARRY LAURSEN.[1]

April 6, 1945.

Nos. 33,919, 33,920.

[1]Reported in 18 N. W. (2d) 233.

462

*George C. Stetson, Fred A. Ossanna,* and *Carl Lifson,* for appellants.

*Sexton, Mordaunt & Kennedy,* for respondents.

MATSON, JUSTICE.

Each plaintiff appeals from an order denying a new trial in two cases tried together below and so submitted here for review. On March 14, 1943, the plaintiff George Maas, Sr., owner of the automobile, accompanied by the plaintiff Marie Maas, his wife, were riding in the automobile, operated by their son, George Maas, Jr. They were on their way to Duluth and had reached the intersection of highway No. 61 and West Superior street in Duluth, when another automobile owned by the defendant Midway Chevrolet Company and driven by the defendant Harry Laursen collided with them. The Maas automobile was damaged, and Mrs. Maas sustained injuries. Defendants repaired the Maas automobile, but upon trial plaintiffs testified that the vehicle was worth $800 prior to the accident and only $400 after the accident as repaired by the defendants. Upon cross-examination by plaintiffs' counsel, Laursen denied any depreciation in the value of the car as repaired and from the witness stand offered to pay $800 cash money for the same. This offer was instantly accepted by counsel in behalf of

his clients. The court declared a five-minute recess to permit the parties to complete their unusual courtroom sales transaction. The issue of damages to the automobile was thereby removed from the case. The jury brought in a verdict of $175 for the plaintiff husband and a verdict of $100 for the plaintiff wife. Plaintiffs contend that a new trial should have been granted because of the inadequacy of the verdicts. Errors in the admission of evidence and the misconduct of a witness are also asserted.

■ No consideration need be given to the alleged errors as to the admission of certain weather reports. These reports could only pertain to the issue of liability. Plaintiffs having prevailed upon the issue of the right of recovery, the only errors at the trial available to them are such as bear upon the amount of damages. Greenfield v. Unique Theatre Co. 146 Minn. 17, 117 N. W. 666.

■ Plaintiffs are in no position to complain of the misconduct or irregularity at the trial of the defendant Laursen in converting the courtroom into a sales mart for automobiles. Laursen's offer to pay $800 for the car would have scarcely caused more than a ripple in the trial's orderly procedure if plaintiffs' counsel had not instantly joined in the irregularity by accepting the offer in behalf of his clients. Likewise, the novel contention that Laursen's aforesaid conduct was a surprise, which could not have been prevented in the exercise of ordinary prudence, requires no consideration.

■ The records upon which Dr. Russell R. Heim in part based his testimony ceased to be privileged at the moment plaintiffs put him on the witness stand to testify as to the nature and the extent of the injuries sustained by Mrs. Maas and for which damages were being claimed. The privilege created by Minn. St. 1941, § 595.02(4), (Mason St. 1927, § 9814[4]), belongs to the patient only and may be waived only by such patient. The rule of waiver as stated in 8 Wigmore, Evidence (3 ed.) § 2390(2), is as follows:

"To call a physician to the stand, and examine him as a witness to one's physical condition formerly communicated to him, is a waiver of the privilege in regard to all of his knowledge of the

physical condition asked about; no reasoning could maintain the contrary."

After having once knowingly waived the privilege as to a certain physician, the waiver cannot be withdrawn during the course of the trial, and it naturally follows that such physician is subject to cross-examination on all phases of his testimony, including the records upon which he has chosen to base his testimony. See, 6 Dunnell, Dig. & Supp. § 10314; and Doll v. Scandrett, 201 Minn. 316, 276 N. W. 281. Polin v. St. Paul Union Depot Co. 159 Minn. 410, 199 N. W. 87, cited by plaintiffs, is not in point, because the holding of that case is merely that the bringing of an action in which plaintiff testifies as to his injuries but does not call upon his physician for testimony does not constitute a waiver.

■ On the basis of the purpose for which the plaintiffs voluntarily offered in evidence the records of Dr. Heim, consisting of a daily call calendar, a ledger, and an index-card system, pertaining not only to the plaintiff Marie Maas but also to many other patients not involved in this suit, the court did not err in refusing to permit their withdrawal after they had been once introduced in evidence. These records were voluntarily offered by the plaintiffs *"for the purpose of showing the system"* maintained by Dr. Heim, and for this special purpose they were admissible. Evidence may be admissible for one purpose but not for another. 1 Wigmore, Evidence (3 ed.) § 17b(4); 26 R. C. L., Trial, § 56. "A party who has introduced evidence is not entitled as a matter of right to withdraw it on finding that it does not answer his purpose." 64 C. J., Trial, § 168. Evidence, once given, belongs to the cause, and is the common property of all the parties and may not be withdrawn as a matter of right. The withdrawal of evidence is discretionary with the trial court and may clearly be allowed where it is irrelevant and immaterial to the issue and likewise where it is material but is favorable only to the party seeking its withdrawal. Here, the records were both relevant and material to the purpose or issue for which they were introduced. 64 C. J., Trial, § 168; 22 Enc. of Pl. & Pr. p. 1308; Bell v. Town of Clarion, 120 Iowa 332, 94

N. W. 907; National Newark Banking Co. v. Sweeney, 88 N. J. L. 140, 96 A. 86; Decker v. Bryant, 7 Barb. 182; Clinton v. Rowland, 24 Barb. 634; Fuller v. Jamestown St. Ry. Co. 75 Hun 273, 26 N. Y. S. 1078, affirmed, 148 N. Y. 741, 42 N. E. 1093; McCarty v. Bishop, 231 Mo. App. 604, 102 S. W. (2d) 126; Moyer v. Aetna L. Ins. Co. (D. C.) 39 F. Supp. 725; Republic of France v. Lehigh Valley R. Co. 97 N. J. L. 474, 117 A. 598; Donovan v. Boston & M. R. 158 Mass. 450, 33 N. E. 583; Page v. Payne, 293 Mo. 600, 240 S. W. 156. It is asserted that the court erred in not permitting the withdrawal of these records because of the privilege that exists between a physician and his patient. Already we have pointed out that Mrs. Maas had waived the privilege for herself. We are not passing on the propriety of introducing into evidence records containing confidential information as to the physician's other patients who were not parties to the suit, but it is enough to observe that any violation of privilege as to the other patients could not be prejudicial to the plaintiffs in this action.

■ Plaintiffs assert, as a basis for their contention that the verdicts are wholly inadequate, that substantial injuries and damages have been established by the undisputed testimony of unimpeachable witnesses. The rule is clearly stated in O'Leary v. Wangensteen, 175 Minn. 368, 370, 221 N. W. 430, 431:

"* * * The rule is well established in this state that the court or jury cannot disregard the positive testimony of an unimpeached witness unless *and until its improbability or inconsistency furnishes a reasonable ground for so doing, and this improbability or inconsistency must appear from the facts and circumstances disclosed by the record in the case.* It cannot be arbitrarily disregarded by either court or jury for reasons resting wholly in their own minds and not based upon anything appearing on the trial." (Italics supplied.)

The evidence as disclosed by the record here is by no means so free of improbabilities and inconsistencies as to justify a holding that the rule was violated either by the lower court or the jury.

This case is outside the rule. See, Weinstein v. Schwartz, 204 Minn. 189, 283 N. W. 127.

■ Upon the evidence disclosed by the record, we cannot say that the damages awarded are so inadequate as to indicate passion or prejudice. The jury could well find from the medical testimony, coupled with the other evidence, that the injuries sustained by Mrs. Maas as a result of the collision were not of a serious nature and that a verdict of $100 would be sufficient as damages. The verdict for the other plaintiff, her husband, was for $175, which by coincidence was the amount of the medical bill; but this fact alone, on the record presented, does not necessarily indicate that the jury was merely compensating for medical expense, nor does the record preclude a finding that his damages, in addition to the medical expense, were trivial. As said by this court in Mohr v. Williams, 95 Minn. 261, 266, 104 N. W. 12, 14, 1 L.R.A.(N.S.) 439, 111 A. S. R. 462, 5 Ann. Cas. 303 (and quoted with approval in Litman v. Walso, 211 Minn. 398, 402, 1 N. W. [2d] 391, 393), the general rule is that:

"* * * in any case, whether a new trial upon the ground of excessive or inadequate damages should be granted or refused, or whether the verdict should be reduced, rests in the sound judicial discretion of the trial court (Craig v. Cook, 28 Minn. 232, 9 N. W. 712; Pratt v. Pioneer Press Co., 32 Minn. 217, 18 N. W. 836, 20 N. W. 87), in reviewing which this court will be guided by the general rule applicable to other discretionary orders." See, Minn. St. 1941, § 547.01(5), (Mason St. 1940 Supp. § 9325[5]).

The trial court was in a much better position than we are to pass upon this question. We see no abuse of discretion in denying a new trial.

The orders of the lower court are affirmed.