### ALFRED STEPHANIE v. CONSUMERS MUTUAL INSURANCE COMPANY AND ANOTHER. FRANK GILL, RESPONDENT.[1]

December 23, 1955.

No. 36,628.

[1]Reported in 74 N. W. (2d) 116.

*Frank L. King,* for appellant.
*John H. Shaughnessy,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Action for damages to plaintiff's house trailer under the "extended coverage" provisions of a policy of fire and extended coverage insurance issued by defendant Consumers Mutual Insurance Company in effect at the time of loss. The jury returned a verdict in plaintiff's favor in the sum of $575. The provision of the policy directly involved reads as follows:

"This Company shall not be liable for loss to the interior of the building or the property covered therein caused, (a) by rain, snow, sand or dust, whether driven by wind or not, *unless the building covered or containing the property covered shall first sustain an actual damage to roof or walls by the direct force of wind or hail* and then shall be liable for loss to the interior of the building or the property covered therein as may be caused by rain, snow, sand or dust entering the building through openings in the roof or walls made by the direct action of wind or hail * * *." (Italics supplied.)

Losses payable under the policy are limited to $800 for damages to the trailer and $150 for damages to its contents.

The damages to the house trailer and its contents, for which this action was instituted, followed a hail and rain storm occurring June 24, 1954. It is plaintiff's contention that as a result thereof hail striking the trailer dented the sides and perforated the asphalt and paper covering which formed part of the roof and covered the plywood thereon, permitting water to seep through into the interior

so that as a result damages to the sides, the roof, and the interior of the trailer, as well as to the furniture therein, were sustained.

Defendant insurance company contends that, while there is no dispute that water entered the trailer from the roof and damaged the interior walls and contents thereof, this was the result of deterioration of and defects in the plywood roof covering which existed before the hail storm in question, so that the resulting damage was excluded under the above provisions of its policy; and further that in any event the verdict in the sum of $575 was excessive.

The testimony submitted in support of plaintiff's claim may be summarized as follows: Mrs. Alfred Stephanie, wife of the plaintiff, testified that the trailer was purchased new in 1950 and had been in its present location since 1952; that during the hail storm of June 24, 1954, large hail stones dented its metal sidings, chipping the paint and leaving rust spots thereon; that they also punched holes in the roof of the trailer so that as a result rain seeped into its interior, completely soaking it and its contents and bulging and warping its walls; that various articles of furniture, including a television set, were soaked with water and soiled; that the oil burner in the trailer became rusted; and that after the storm she could see holes in the trailer roof which prior to the storm had been intact.

Mr. Stephanie's testimony was substantially the same. In addition he testified that after the storm, as a result of the hail stones, several large holes, each about one-half the size of a baseball, were punched in the composition roof covering; that likewise the metal sides of the trailer were chipped and dented thereby; and that as a result of water seeping into the interior of the trailer the furniture therein had been damaged to the extent of about $218 which he itemized.

Mr. John Novak, a carpenter, testified on behalf of plaintiff that he had examined the trailer after the storm; that it had an asphalt and tar paper composition roof over the plywood thereon in which he found five or six good-sized holes; that to properly repair the trailer a new roof would be required; that the metal paint had been chipped off the sides of the trailer so that sanding, scraping, and

repainting were necessary for its restoration; that the interior of the trailer had been damaged by water and the side panels would have to be removed in making repairs; that the repairs described would require 256 square feet of ¾-inch plywood at $1 per foot or an expenditure of $256; and that the cost of labor for installing it would amount to $287.50. He testified further that the cost of scraping, sanding, and painting the outside of the trailer would be $120. His estimate for labor in the installation of the plywood was based upon the use of ¾-inch material, and he expressed the opinion that if ¼-inch plywood were used, such cost would increase.

Defendant submitted the testimony of Ronald N. Engdahl, its adjustor, to the effect that the plywood paneling was ¼ inch in thickness and that the cost thereof would be 36 cents per square foot. This would result in a total expenditure of $92 for plywood instead of $256 estimated by Mr. Novak.

■ We feel that the evidence is sufficient to sustain the jury's verdict. An insurance contract must be construed in accordance with its plain language. Opten v. Prudential Ins. Co. 194 Minn. 580, 261 N. W. 197. Under a fair and reasonable construction of the policy here, which does not appear to be ambiguous, it would not appear essential that plaintiff be required to establish that the hail actually made holes in the plywood on the roof before damage to the interior contents would come within its inclusions. It provides coverage for damages to such contents caused by rain if the trailer first sustains actual damage to its roof by direct force of hail. There is nothing therein which specifies that the entire roof must be damaged or perforated before liability attaches. The evidence outlined amply sustains a finding that the hail actually drove holes through the asphalt and tar paper composition roof which covered the plywood thereon so that as a result water leaked into the interior, causing damage to the walls and contents as above described. Clearly, such damage falls within the policy's coverage. Any other construction of it would frustrate its obvious design. Cement, Sand & Gravel Co. v. Agricultural Ins. Co. 225 Minn. 211, 30 N. W. (2d) 341; Wolfangel v. Prudential Ins. Co. 209 Minn. 439, 296 N. W. 576.

■ Likewise, there is ample evidence to sustain the finding as to the amount of damages included in the verdict. Considering the testimony most favorable to plaintiff submitted on this issue would result in a computation showing damages as follows:

| | |
|---|---:|
| To the furniture—$218 but limited by the policy to: | $150 |
| Sanding, scraping, and repainting outside of trailer: | $120 |
| Labor for installing plywood, etc.: | $287 |
| Cost of plywood at 36 cents per square foot as testified to by defendant's witness: | $ 92 |
| Total: | $649 |

The $575 found by the jury is substantially less than this total. It is elementary that we are bound by the jury's finding on this issue, since as indicated the evidence reasonably supports it. Maas v. Midway Chevrolet Co. 219 Minn. 461, 18 N. W. (2d) 233, 158 A. L. R. 215.

Affirmed.